Mr. Justice Humphreys concurs.

---

St. Louis Southwestern Railway Company v. Harrell.

Opinion delivered February 18, 1924.

1. Master and servant—federal employers' liability act— assumed risk.—In an action seeking recovery under the Federal Employers' Liability Act, it was error to instruct the jury that the plaintiff did not assume the risk of being injured by the negligence of fellow-servants.

2. Trial—conflicting instructions.—The giving of erroneous instructions was not cured by giving a correct instruction upon the same subject, as the jury may not have followed the correct statement of the law.

Appeal from Monroe Circuit Court; *George W. Clark,* Judge; reversed.

*John R. Turney* and *Lamb & Frierson,* for appellant.

1. Instruction No. 1 entirely ignores the questions of assumed risk and contributory negligence, and the latter part thereof assumes negligence on the part of the defendant in placing the skids. It is practically a peremptory instruction to find for the plaintiff. Conceding that other instructions were given submitting the questions of assumed risk and contributory negligence, the best that can be said of the situation is that they are conflicting. 83 Ark. 202; 140 Ark. 162; 143 Ark. 122; 144 Ark. 454; 146 Ark. 208; 70 Ark. 79.

2. The same error appears in instruction No. 4. Even though the defendant was careless in placing the skids, it was entitled, in view of the fact that plaintiff was an old and experienced employee, to have submitted to the jury the question of his assumption of risk, if they found that defendant was negligent in that respect. 56 Ark. 216; 233 U. S. 492.

*Emerson & Donham* and *Bogle & Sharp*, for appellee.

1. Instruction No. 1 only states an elementary principle of law. In cases presenting a similar state of facts, the question of negligence has been uniformly held a question of fact that must be submitted to the jury. 95 Ark. 291; 116 Ark. 277; 123 Ark. 119. It is admitted that all questions of law applicable to the facts were given. It can make no difference that separate instructions were given to cover these questions, since all of them were to be considered together. 105 Ark. 358; 28 Ark. 8; 34 Ark. 383; 46 Ark. 141; 43 Ark. 184.

2. Instruction No. 4 was not erroneous in telling the jury that appellee assumed all ordinary risks and hazards incident to his work, but did not assume any negligence on the part of the master or of his fellow-servants. 95 Ark. 291; 67 Ark. 209; 77 Ark. 367; 90 Ark. 226; 89 Ark. 427; 90 Ark. 556; 92 Ark. 102; Labatt on Master and Servant, § 279. See also as to the duties of the master, 123 Ark. 119; 104 Ark. 1; 93 Ark. 564; 97 Ark. 553; 105 Ark. 392; 116 Ark. 277.

Smith, J. Appellee, the plaintiff below, was employed by the appellant railroad company on March 14, 1922, on which day he was engaged in unloading stringers, which were to be used in repairing a bridge across the White River near Clarendon, and, while so engaged, he sustained serious injuries, and he instituted this suit under the Federal Employers' Liability Act to recover damages to compensate the injury. He recovered a judgment, after a trial before the jury, to reverse which this appeal has been prosecuted.

We make no extended statement of the testimony, as the theory upon which a recovery was asked sufficiently appears in the instructions which we will set out and in our discussion thereof.

Over the objections of the appellant the court gave an instruction numbered 1, which reads as follows: "1. You are instructed that, if you find from the evidence in this cause that plaintiff was employed by defendant to assist in repairing its bridge over White River, in Monroe County, Arkansas, and, while in the discharge of his duties as such employee, was unloading timbers from one of defendant's flat-cars by dropping same upon skids placed against said car, and further find that other of defendant's employees negligently and carelessly placed one of said skids against the timbers on said car in such a negligent and careless manner as to cause the end of one of said timbers to strike plaintiff, while he was in the exercise of due caution for his own safety, then you should find for the plaintiff."

An instruction numbered 2 dealt with the measure of damages, and instruction numbered 3 with that of contributory negligence, and correctly told the jury that, if plaintiff was guilty of negligence which contributed to his injury, his damages should be diminished in proportion to the amount of negligence attributed to him.

Instruction numbered 4, which was also given over the objections of appellant, reads as follows: "4. Defendant has interposed, as a defense herein, that plaintiff assumed the risk of the injury which he received, and you are instructed that while, as a matter of law, plaintiff assumed all risks of injury ordinarily incident to the duties he was performing for defendant as its employee, you are further instructed that he did not assume the risk of being injured by negligence of other employees of defendant, and, if you find that his injuries were due to the negligence of other employees, you should not find for defendant upon the ground of assumed risk."

It will be observed that instruction numbered 1 undertook to define the conditions under which the plain-

tiff might recover, and directed the jury to find for the plaintiff, if there was a finding (1) that an employee of the railroad company, other than appellant himself, had negligently and carelessly placed one of the skids against the timbers on the car in such a negligent and careless manner as to cause the ends of one of said timbers to strike the plaintiff (2) while the plaintiff was in the exercise of due caution for his own safety.

In other words, this instruction told the jury to find for the plaintiff if his fellow-servants were negligent, and he was not. The defense of assumption of risk, which the railroad company interposed, was thus eliminated.

This error was emphasized by the 4th instruction, which dealt with that subject. It was the theory of the company that plaintiff was an old and experienced bridge man, and that he had assisted in loading and unloading many carloads of stringers at the bridge where he was injured and at other bridges, and that he knew when skids had been properly placed to unload stringers, and that, if the skids in question were improperly placed, he was aware of that fact, and appreciated the danger thereof, yet pursued his employment, after knowing that his fellow-servants had, by their negligence in placing the skids, increased the risk of injury to himself.

The testimony on the part of the plaintiff was to the effect that he was unaware of the negligence of his fellow-servants in placing the skids, and that he did not therefore assume that risk; but there was sufficient conflict in the testimony on this issue to carry it to the jury.

Instruction numbered 4, set out above, told the jury, as an affirmative proposition, that plaintiff did not assume the risk of being injured by the negligence of other employees, and that, if his injuries were due to their negligence, the jury should not find for the defendant upon the ground of assumed risk.

It thus appears from instructions 1 and 4, given at the request of the plaintiff, over the objection of the defendant, that the plaintiff's right to recover, if it other-

wise existed, was not to be defeated upon the theory that he had assumed the risk of injury arising out of the negligence of another employee.

We think the giving of these instructions was error which requires the reversal of the judgment. The recent case of *St. L. S. F. R. Co.* v. *Blevins,* 160 Ark. 362, was one in which an employee was injured while unloading piling from a car at a bridge, and the court gave an instruction embodying the thought expressed in instruction numbered 4, set out above, and reading as follows: "If you find that plaintiff was injured while in the performance of his regular duties, and you further find that his injury was caused or contributed to by the negligence of his fellow-employees, you are instructed that he did not assume the risk arising out of the negligence of his fellow-employees." We said the instruction took away the defense of assumed risk, and that such was not the law as declared in the Federal Employers' Liability Act, as that defense had not been abrogated except "in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

In that case, as in this, the charge of negligence was not based upon any violation of any statute enacted for the safety of employees, but the charge was based upon the principles of the common law in regard to negligence. Following the construction of this statute in the decisions of the Supreme Court of the United States there cited and quoted from, we held that a servant might assume the risk of negligence of a fellow-servant if he was aware of this negligence and appreciated the danger thereof, and, with such knowledge and appreciation of danger, continued to discharge the duties of his employment.

We reversed the judgment in the plaintiff's favor in that case, because, as we said, the jury might have found, had the question been submitted, that the plaintiff was aware of his fellow-servant's negligence and appreciated the danger arising therefrom, but proceeded with his work notwithstanding. So here, if the testimony on

behalf of the company is accepted, the jury might find that appellant knew of the negligence of his fellow-servant complained of, and appreciated the danger therefrom, but proceeded with his work notwithstanding. We deem it unnecessary to review again the decisions there cited and quoted from.

It is said that instructions F and G, given at the request of the defendant, submitted this question properly to the jury, and that the giving of these instructions cured the error of instructions 1 and 4. We do not think so. As much as can be said of instructions F and G is that they are in conflict with instructions numbered 1 and 4, and may not have been followed by the jury as correct statements of the law. *Anglin* v. *Marr Canning Co.*, 152 Ark. 1.

Error is assigned in the refusal of the court to give instructions C and D at the request of the defendant, which also dealt with the question of assumed risk. But we think instructions F and G, which were given, declared the law applicable to that issue with sufficient fulness and more accurately than instructions C and D, and no error was committed in refusing to give them.

For the error indicated in instructions 1 and 4 the judgment must be reversed, and the cause will be remanded for a new trial.