MISSOURI PACIFIC RAILROAD COMPANY *v.* DOTSON.

4-4881

Opinion delivered December 20, 1937.

*Thomas B. Pryor* and *W. L. Curtis,* for appellant.

*Starbird & Starbird, Harney M. McGehee* and *Fines F. Batchelor,* for appellees.

MEHAFFY, J.   This action was begun by appellees against the appellant in the Crawford circuit court.   Appellees alleged that they were traveling in an automobile on North Sixth street, Fort Smith, Arkansas, and while so traveling along said street, which was crossed by the railroad tracks of appellant, in or about block 2600 on North Sixth street, the appellees were seriously and permanently injured by the negligence of the appellant; that the crossing was a dangerous one such as required either gates or a flagman in order to protect the traveling public; that at the time of the injuries complained of no precautions were taken by the appellant and no method of signaling, warning or protection to the traveling public was in any manner provided; that appellees approached said crossing in the exercise of ordinary care, and that the appellant was backing a train across the street without lights or signals and said train struck the motor vehicle in which appellees were riding without ringing any bell or sounding a whistle, and it struck the automobile in such a manner as to demolish it and injure the appellees; that the appellant carelessly and negligently maintains said crossing in a dangerous, hazardous and unsafe condition; that it carelessly and negligently failed to exercise common care and prudence, to maintain flagmen or gates or bars or signaling devices to protect the traveling public, and failed to sound the whistle or ring the bell while crossing or approaching said crossing.   There was in the complaint, other allegations of negligence and allegations as to the injury to each of the appellees.

Appellant answered denying all the material allegations of the complaints, and alleging that the injury

resulted wholly from appellees' own carelessness and negligence, and that said carelessness and negligence consisted in their driving and riding in the car at a high rate of speed, and wholly disregarding traffic upon the street; that they failed to look or listen for the train or cars and disregarded the fact that the crossing was blocked by a train and protected by a brakeman with a lantern who was warning the traffic.

There was a jury trial and a verdict and judgment for Irene Heard for $300; for Grace Heard for $300; for Raymond Fargo for $300; for Jim Pate for $400; and for Elsie Dotson, $400. Motion for new trial was filed by the appellant, overruled by the court, and the case is here on appeal.

The evidence on the part of the appellees tended to show that as they were riding in the automobile on North Sixth street they saw some kind of a light like a flashlight, and they started across the track and the train ran into them. Elsie Dotson testified in substance that the train that struck them was a freight train backing up; she was riding on the right side of the car in the front seat; the train hit the automobile on the side that she was on, the right side; she saw the train just before it struck; there were no lights on the train; the person who had the flashlight was not making any motion with it whatever; did not move it; no one made any sign; it was about 8:15 or 8:20 in the evening, and dark; her eyesight is good; she knew the crossing was there and looked for a train, but did not see one; that her hearing is good and she listened for a train; she did not hear a whistle blow or anything near that crossing; she did not hear the bell ring on the freight train; there were six persons in the car; when the train struck the car they went into the ditch; there were three wheels torn off the automobile and glass broken out; she had a cut on her right knee and broke the windshield with her head; her back was hurt. She testified at length about her injuries; they were going to witness' mother's in Van Buren.

On cross-examination, witness testified that she worked at the Ward Furniture factory about a year ago;

that she and Mr. Cordell were in the front seat; she was on the right side; they all saw the train at once; she did not see a man with a lantern. The car did not run in the ditch, the train knocked it there; the back end of the car never did get off the railroad track; she admitted signing a statement, but was so nervous that she did not know what she said; she thought the light was a bicycle light; they were driving about 20 miles an hour; does not know how many box cars were being backed there; she saw no light on the top of the car and did not notice anything on the top of the car; the man with the light was on the left; she thought the light was the light of a small bicycle and not moving in any way that it might be considered a signal.

Mr. Walter Dotson testified as to the condition of Elsie Dotson.

Irene Heard testified that she was 25 years old and works for the Wurtz Biscuit Company; that she was in the automobile at the time of the accident and they were going to Van Buren to see Elsie Dotson's mother; it was a dark night, cloudy and misty and heavy damp and real dark; she knew there was a railroad track, but never had seen a train on it before; she thought it was an old track; as they approached she did not see or hear anything; saw a light which she thought was a bicycle light; did not hear any noise or anything outside; her hearing is good; she did not hear the bell ring or the whistle blow; there were no lights on the box car; when the box car hit the door on the side where she was sitting it broke the door in on her and carried the car quite a way down the track and it turned over in the ditch. She then describes her injuries; the light, when she saw it, looked like a bicycle moving.

Grace Heard testified substantially as Elsie Dotson and Irene Heard, and also said that there was no bell or whistle rung or sounded, and that she could not see any light on the car. She then testifies at length about her injuries, and said the lights on the automobile were perfect; that they were shining out front.

Jim Pate testified in substance that he saw the light and thought it was a boy on a bicycle; it was not a red light, it was a white light; they were driving fifteen or twenty miles an hour and witness saw the box car coming toward them and hallooed to Thell about the time the train hit; it knocked them in the ditch. Witness then testifies as to his earnings and the extent of his injuries and suffering. He said they did not run into the ditch, but the car pushed them in; there was no light on the end of the railroad car and no one on top of it; if there had been a man on top they would have seen him.

Several other witnesses testified for the appellees, and there was evidence corroborating the testimony of appellees.

The testimony of appellant's witnesses is in conflict with the evidence of appellees' witnesses. The engineer and fireman both testified as to the ringing of the bell, but the engineer said it was ringing automatically and had been ringing some time, and the fireman testified that he was ringing the bell himself by the use of the rope. There is also conflict in the testimony about lookout being kept; there is, however, no conflict in the evidence as to the backing of the train over the crossing.

It is contended by the appellant that the evidence is not sufficient to sustain the verdict, and that the evidence shows that the automobile was going twenty miles an hour and the freight train was moving at five miles an hour. It is also contended that the circumstances demonstrate that it was the negligence of appellees in failing to discover the train until they were so close to it that they were unable to stop their automobile.

A number of cases are cited by appellant to support its contention, but we have many times held that in determining the sufficiency of the evidence to support the verdict, we must view the evidence with every reasonable inference arising therefrom, in the light most favorable to the appellee. *Mo. Pac. Ry. Co.* v. *Westerfield,* 192 Ark. 558, 92 S. W. 2d 862; *Roach* v. *Haynes,* 189 Ark. 399, 72 S. W. 2d 532; *Healey & Roth* v. *Balmat,* 189 Ark. 442, 74 S. W. 2d 242; *Camden Fire Ins. Assn.* v. *Rey-*

*nolds,* 190 Ark. 390, 79 S. W. 2d 54; *Arkadelphia Sand & Gravel Co.* v. *Knight,* 190 Ark. 386, 79 S. W. 2d 71.

In determining whether the court should have directed a verdict, we must view the evidence in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict, it will be sustained. *Mo. State Life Ins. Co.* v. *Holt,* 186 Ark. 672, 55 S. W. 2d 788; *Mo. Pacific Rd. Co.* v. *Harville,* 185 Ark. 47, 46 S. W. 2d 17; *B. & O. Rd. Co.* v. *McGill Bros. Rice Mill,* 185 Ark. 108, 46 S. W. 2d 651; *Altman-Rodgers Co.* v. *Rogers,* 185 Ark. 561, 48 S. W. 2d 239; *Halbrook* v. *Williams,* 185 Ark. 885, 50 S. W. 2d 243; *Ark. P. & L. Co.* v. *Connely,* 185 Ark. 693, 49 S. W. 2d 387; *C. R. I. & P. Ry. Co.* v. *Matthews,* 185 Ark. 724, 49 S. W. 2d 392.

The jury might have found from the evidence that the freight train was backed onto the crossing without any light and without ringing the bell or sounding the whistle.

Appellant cites authorities stating the rule as to travelers approaching a railroad crossing; that it is the duty of the traveler to stop, look and listen. Of course, it is the duty of the traveler to exercise such care as would be exercised by a man of ordinary prudence under similar circumstances. But whether this care was exercised was a question of fact for the jury, and the fact that this court would have reached a different conclusion had the judges been on the jury, or if this court believes that the verdict is against the preponderance of the evidence, the verdict cannot be set aside because of this. The question here is, Is there any substantial evidence to support the verdict? If, as some of the witnesses testify, the freight train was backed onto the crossing and struck the car, the appellant would be liable in damages, notwithstanding the contributory negligence of the appellees, if the appellant's negligence was greater than the negligence of the appellees.

Section 11153 of Pope's Digest provides that contributory negligence shall not prevent a recovery where the negligence of the person injured or killed is of less

degree than the negligence of the officers, agents and employees of the railroad causing the damage.

Appellant earnestly insists that the court erred in giving instruction No. 5a, requested by the appellees. The first objection to this instruction is that it is rather lengthy and involved and undertakes to marshal the plaintiff's theory of the case and the testimony offered by them in support of same, and appellant argues that it in effect tells the jury that there was no crossing sign.

We do not think that that is the effect of the instruction, but the appellant made only a general objection. It did not point out to the court the objections that it now argues.

It was, of course, the duty of the appellees to exercise ordinary care for their own safety, and it was the duty of the appellant to exercise ordinary care in the operation of its train, and both of these questions were for the jury, and have been decided against the contention of the appellant. But under the section of the statute above referred to, if the appellees were guilty of negligence contributing to the injury, this would not prevent a recovery if the negligence of appellees was of less degree than the negligence of appellant.

There is no argument that the court erred in giving instructions, except as to instruction No. 5a, and as we have already said there was only a general objection to this. It was, therefore, purely a question of fact, and there is substantial evidence to support the verdict and judgment.

The judgment is affirmed.