AMERICAN METAL WINDOW CO. *v*. WATSON.

5-3303　　　　　　　　　　　　　　382 S. W. 2d 576

Opinion delivered September 28, 1964.

[Rehearing denied November 2, 1964.]

*Patten & Brown,* for appellant.

No brief filed for appellee.

FRANK HOLT, Associate Justice. This is an action by appellant to collect an account of $1,029.89 from the appellee. Upon a trial before the court, sitting as a jury, a judgment was rendered in favor of the appellee. For reversal appellant contends that (1) the appellee is indebted to the appellant for materials furnished; (2) an account stated existed between appellant and appellee; and (3) there is no substantial evidence to support the court's finding that the account had been paid.

For about two years appellee Watson, a contractor, had purchased windows as needed from John Triska, owner of Tri-Hall Window Company. On February 1, 1962, appellee Watson paid Triska his current account in full. On the same date it appears he sold to Triska a duplex and lot, taking a note and second mortgage as security for the $2,250.00 balance. At that time Triska

promised to pay for this balance by crediting Watson's pending and future purchases to this $2,250.00 balance. The note and mortgage indicated future credits were to be made.

At this same time Triska was also indebted to the appellant, American Metal Window Company, Inc., as his supplier. Three weeks later, or on February 22, 1962, Triska sold his business [Tri-Hall Window Company] to appellant together with accounts receivable. Triska was retained by appellant as their agent with authority to make sales and collections. On this same date several orders of window materials were delivered to appellee's construction site. Delivery and packing slips accompanying the deliveries reflect the name of appellant as the supplier. According to Watson, these orders were placed with Triska before he sold his business to appellant.

Upon receiving a March invoice from appellant, Watson reported it to Triska who told him: "You forget them. I'm taking care of your windows." Appellee Watson contends this was in accordance with their agreement. Thereafter, two smaller orders were delivered through Triska as agent of appellant. Monthly statements were mailed by appellant to appellee. When a demand was made by appellant in August, 1962, that he pay his account, appellee informed appellant that he had paid their general manager and agent, Mr. Triska.

Appellant contends that the packing slips accompanying the deliveries gave notice of their ownership of the material before it was used by appellee and, therefore, appellee was indebted to appellant by virtue of his acts as well as by express contract and that the said slips and monthly statements made "an account stated" between appellant and Watson. In rejecting these contentions of appellant the court found: "That the defendant paid the agent of the plaintiff for the items set forth in the account and that said agent was acting in the apparent scope of his authority." Thus, the entire issue revolves around appellant's third point.

The appellant, American Metal Window Company, was a supplier of Triska's business firm [Tri-Hall Window Company] before appellant acquired ownership of it. Appellee Watson was a customer of Triska's before the change in ownership. According to Watson, he had no knowledge of the change in ownership from Tri-Hall Window Company to American Metal Window Company. Furthermore, the truck making his deliveries continued to bear the name of Tri-Hall Window Company and the telephone number remained the same. Appellee also testified that Triska advised him to ignore appellant's invoice and, accordingly, appellee applied his purchase to Triska's account as agreed. It is not disputed that Triska's agency encompassed the right to make sales and collect appellant's accounts.

When the evidence as to the nature and extent of an agent's authority is in conflict it is a question of fact for the jury. *Bradley Advertising, Inc.,* v. *Froug Stores, Inc.,* 193 Ark. 639, 101 S. W. 2d 789. In the case at bar the court, sitting as a jury, determined that appellant's agent was acting within the scope of his authority when appellee made his payment to the agent in the manner claimed by appellee.

It is well settled law in this state that the finding of the trial court, as the trier of the facts, has the verity and binding effect of a jury verdict and will be sustained if there is any substantial evidence to support it. In *International Harvester Company* v. *Layton,* 148 Ark. 156, 229 S. W. 22, where the trial court sat as a jury, we said:

"* * * it is not our province on appeal to determine where the preponderance lies. Under the often announced rule of this court, we must give the evidence its strongest probative force in favor of the court's finding."

In determining the sufficiency of the evidence to support a verdict all the evidence must be viewed with every reasonable inference derived therefrom in the light most favorable to the appellee. *Harkrider* v. *Cox,* 232 Ark.

165, 334 S. W. 2d 875; *Missouri Pacific* v. *Dotson*, 195 Ark. 286, 111 S. W. 2d 566.

The judgment is affirmed.