ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. COBB.

Opinion delivered December 4, 1916.

1. MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—INJURY TO SERVANT—RAILROADS.—Under the employers' liability act, Act 88, p. 56, Acts 1911, if an employee of a railroad company is injured by the negligence of another employee of such company, the injured employee may recover damages from the company for such negligence, provided that he is engaged at the time of the injury in the running of trains or in work that is incident thereto, or immediately connected therewith.

2. MASTER AND SERVANT—INJURY TO SERVANT—VICE-PRINCIPAL.— Under Act 88, p. 56, Acts 1911, where an employee of a railway company is injured, the liability of the company is not as though the injured employee stands in the relation of vice-principal to the employee injuring him, provided the injury is caused through the negligence of such employee.

3. NEGLIGENCE—PROOF—ASSUMPTION IN INSTRUCTION.—In a personal injury action where negligence is shown by the undisputed evidence, an instruction will not be held bad because it assumes defendant's negligence.

4. APPEAL AND ERROR—DEFECTIVE INSTRUCTION—CURE.—A defect in an instruction, in a personal injury action, in the omission of the issue of contributory comparative negligence, will be cured when the next instruction given by the court adequately covered that issue.

5. DAMAGES—PERSONAL INJURIES.—Where plaintiff, an employee of defendant railway company, was fifty-eight years of age, was earning $55 per month, and was severely injured by defendant's negligence, greatly diminishing his earning power, and causing him to suffer great pain, a verdict awarding $1,000 damages will not be held to be excessive.

Appeal from Monroe Circuit Court; *Thomas C. Trimble*, Judge; affirmed.

STATEMENT BY THE COURT.

On or about the 2nd of February, 1915, appellee, a section foreman of appellant, was instructed by the roadmaster to repair some bad track on appellant's line between Marvell and Poplar Grove. On the 4th of February, appellee was notified that a freight train would bring out a car of cinders from Helena which was to be used by appellee in the repair work. Appellee resided at Marvell, in the section house of appellant. Appellee wanted to commence unloading cinders about half or three-quarters of a mile west of Poplar Grove. He went with his section crew on a handcar, and put four of the crew to draining the track, and went on with the cinder car to meet the local freight at Poplar Grove. He got upon the car of cinders and rode back to the place where the bad track was, in order that he might have the car of cinders stopped at the proper place for unloading. Upon reaching the piece of bad track, the freight car was stopped and appellee directed his crew as follows: "Ed Holland, you open the doors, and the balance of you get on top and go to cutting off cinders. Holland opened the first door on the north side. Ed Richardson, when he got to the third door, was a little long about opening it, and Cobb walked up along the side of the car to see what the trouble was, and just as he did so, Holland knocked the door open and Cobb backed back to get out of the way of it, when Simon Derrick, who was on the south side, opened the door without Cobb's knowledge, causing him to fall against the side of the car, severely injuring him.'

Cobb instituted this suit against appellant, alleging substantially the above facts, and charging that his injury was caused through the negligence of one of appellant's employees.

The appellant answered, denying the allegations as to negligence and setting up the defenses of assumed risk and contributory negligence.

There was testimony on behalf of appellant tending to prove that the members of the crew were obey-

ing his orders in the manner in which they were doing the work at the time that Cobb was injured.

The verdict and judgment were in favor of the appellee for the sum of $1,000. The appellant seeks to reverse this judgment. Other facts stated in the opinion.

*Troy Pace* and *W. R. Satterfield*, for appellant.

1. Cobb was a vice-principal and if his injury was caused by the sole negligence of one of his section men, appellant was not liable. 65 Ark. 138; 85 *Id.* 503; 20 L. R. A. (N. S.) 442, and note; 90 Ark. 210; 105 Ky. 479; 144 Mo. 397; 118 Ark. 377; 116 *Id.* 461; 104 *Id.* 506, 510.

2. Appellee's instruction No. 1 was error. It intimated to the jury the court's opinion of the weight of evidence. 45 Ark. 492; 72 *Id.* 559; 82 *Id.* 424; 87 *Id.* 321; 89 *Id.* 538; 99 *Id.* 385. The second instruction did not cure the error. 99 Ark. 385; 76 *Id.* 224; 84 *Id.* 233. The instructions are conflicting. 94 Ark. 506; 99 *Id.* 377; 104 *Id.* 67; 110 *Id.* 197.

3. Instruction No. 3 on the measure of damages was error. 105 Ark. 205; 109 *Id.* 4; 93 *Id.* 209.

4. Cobb was guilty of contributory negligence. 93 Ark. 484. This defense is not abolished under the Fellow Servant act. 93 Ark. 484; 105 *Id.* 364; 98 *Id.* 462.

5. Cobb assumed the risk. 95 Ark. 560; 100 *Id.* 462.

6. The verdict is excessive.

*Lee & Moore*, for appellee.

1. This suit was brought under Acts 1911, p. 85. Cobb was an employee under section 1. 118 Ark. 377; 157 U. S. 209; 147 Mass. 101; 16 N. E. 690; 103 S. W. 437; 92 *Id.* 48; 119 Ark. 398.

2. The question of assumed risk is denied the master, as is that of contributory negligence. 116 Ark. 461; 118 Ark. 377. The contributory negligence of Cobb was for the jury. 173 S. W. 221, 421; 122 Ark. 297.

3.    There is no error in the court's instructions, and the verdict is not excessive.    122 Ark. 297; 116 Ark. 461; 109 Ark. 239.    The issues were all fairly presented to the jury.

Wood, J. (after stating the facts).    Appellant contends that the court erred in giving appellee's prayer for instruction No. 1, as follows: "1.    You are instructed that a common carrier by railroad in this State is liable for all damages to an employee suffering injury while such employee is employed by such carrier, which injury is the result in whole or in part from the negligence of any of the officers, agents or employees of such carrier.    So, if you believe from the evidence in this case that the plaintiff was an employee of the St. Louis, Iron Mountain & Southern Railway Company at the time of the injury which the plaintiff received and that the defendant is a common carrier by railroad in this State, and that the injury which the plaintiff received resulted in whole or in part from the negligence of the defendant, its officers, agents or employees, the defendant would be liable."

Appellant insists that, inasmuch as the allegations of the complaint and the undisputed evidence show that appellee was a vice-principal at the time of his injury, and was injured by one of his subordinates, appellee assumed the risk, citing *McGrory* v. *Ultima Thule A. & M. Railway Company*, 90 Ark. 210, where we held that the master was not responsible to a vice-principal on account of the negligence of a servant who was his subordinate, such negligence being one of the ordinary risks which the vice-principal assumed when he took control over his subordinates.    But that doctrine was announced before the passage of the Employers' Liability Act of March 8, 1911.    Act 88, page 56, Acts of 1911.    The present suit was instituted under that act, the first section of which provides, in part, as follows:    "That every common carrier by railroad in this State shall be liable for all damages to any person suffering injury while he is employed by such carrier

* * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier."

In *Kansas City & M. Ry. Co.* v. *Huff*, 116 Ark. 461, 466, we said: "Where there is a right of action under section 1, that action can not be defeated by the defense of assumption of risk, and is not necessarily defeated because the servant may have been guilty of contributory negligence."

(1) Under the above statute, if an employee of a railroad company is injured by the negligence of another employee of such company the injured employee may recover damages of the company for such negligence, provided he is engaged at the time of the injury in the running of trains or in work that is incident thereto or immediately connected therewith. The statute was designed for the protection of those whose work exposed them to those "characteristic dangers peculiarly connected with the operation of railroads known as railroad hazards," *i. e.*, "those peculiar dangers to which employees are exposed in work connected with and necessary to the operation and running of trains over a line of railroad." *St. Louis, I. M. & S. Ry. Co.* v. *Ingram*, 118 Ark. 377; *St. Louis, I. M. & S. Ry. Co.* v. *Wiseman*, 119 Ark. 477.

(2) The language of the statute is very broad and makes the railroad company liable "for the negligence of any of the officers, agents or employees of such carrier," causing injury to another employee. Under the statute it matters not whether the injured employee stands in the relation of vice-principal to the employee injuring him, provided the injury is caused through the negligence of such employee. But if the relation of vice-principal and subordinate exists between the two servants at the time of the injury, and the injury is caused while the subordinate is acting without negligence under the orders and directions of his superior, then there would be no negligence for which the company would be liable, because, in such case, the negligence would be that of the vice-principal himself.

(3)    It is urged that the instruction was erroneous because it assumes that appellee was injured. The undisputed evidence showed that appellee was injured, therefore there was no prejudicial error in assuming that such fact was established.

(4)    It is also insisted that the instruction ignored the issue of contributory comparative negligence. The instruction was open to this objection, but the very next instruction fully and correctly submitted that issue to the jury, and taking the instructions as a whole, and the order thereof—the juxtaposition of the first and second—they were not contradictory. The jury could not have been misled, and the instruction was not prejudicial error under the rule announced in *St. Louis, I. M. & S. Ry. Co.* v. *Rogers*, 93 Ark. 564.

The issues of negligence and contributory comparative negligence were issues of fact for the jury. The appellee testified that he directed Ed Holland to open the doors and the balance of the crew to get on top and go to cutting off cinders. Instead of obeying these directions, Simon Derrick opened the door on the south side without the knowledge of appellee, causing his injury. Appellee is corroborated by at least one member of the crew, Ed Holland. The others testify to the contrary, but this raised questions of fact as to negligence and contributory comparative negligence. There was evidence to warrant the verdict on these issues.

(5)    The verdict was not excessive. According to appellee's testimony, and the testimony of the physician who attended him, he was severely injured in his back and knee. He was 58 years of age, was getting $55 per month, and his earning capacity in the work for which he was fitted had been greatly diminished by the injury. He had suffered intense pain for months and was still suffering at the time of the trial. A verdict for one thousand dollars under such circumstances is not excessive.

There was no prejudicial error in the instruction on the measure of damages. While not in the most approved form, it conformed substantially to the instruc-

tion given in *Railway Co.* v. *Cantrell*, 37 Ark. 522, and *St. Louis, I. M. & S. Ry. Co.* v. *Hydrick*, 109 Ark. 239, on the measure of damages. The giving of an instruction in this form has not been expressly condemned as prejudicial error by any previous decision of this court. The record presents no reversible error and the judgment is therefore affirmed.