ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY v. MILLER.

Opinion delivered April 11, 1927.

1. MASTER AND SERVANT—JURY QUESTION.—In an action under the Federal Employers' Liability Act (U. S. Comp. St., §§ 8657-8665) by a section foreman against a railroad to recover for injuries alleged to have resulted from negligence of helpers while replacing a tie in defendant's track, the question of the negligence of fellow servants was for the jury.

2. TRIAL—INSTRUCTION DIRECTING VERDICT.—In an action by a section foreman against a railroad for injuries alleged to have resulted from negligence of helpers while replacing a tie in defendant's track, an instruction authorizing a recovery if it was the duty of fellow servants to wait until plaintiff had put his pick into the tie, and they failed to do so, and thereby caused plaintiff's injuries, *held* not tantamount to directing a verdict.

3. APPEAL AND ERROR—INDEFINITENESS OF INSTRUCTION—OBJECTION.—If defendant regarded an instruction on negligence as insufficient in failing to define negligence, it should point it out with a specific objection, in order to have a valid ground for complaint on appeal.

4. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—Where a railroad, in an action under the Federal Employers' the railroad alleged that the injuries complained of were due to plaintiff's negligence, an instruction on contributory negligence did not constitute prejudicial error, although the plea was not one of contributory negligence.

5. MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—INSTRUCTIONS.—Where, a railroad, in an action under the Federal Employers' Liability Act by a section foreman for injuries, alleged that the injuries were due to his own negligence, instructions as to assumed risk and comparative negligence were properly given.

6. MASTER AND SERVANT—BURDEN OF PROOF OF NEGLIGENCE.—A railroad company is not liable for unavoidable accident, but only for

negligence, and the burden of proving such negligence and that the injury was caused thereby rests on the plaintiff suing for injury.

7.  MASTER AND SERVANT—EFFECT OF CONTRIBUTORY NEGLIGENCE.— Under the Federal Employers' Liability Act, an employee may recover for the master's negligence, though his negligence contributed to the injury, since such negligence only causes a diminution of damages.

8.  APPEAL AND ERROR—HARMLESS ERROR.—In an action, under the Federal Employers' Liability Act, by a section foreman for injuries alleged to have resulted from negligence of helpers in replacing ties, permitting plaintiff to testify that he would have given the signal to move the tie if the helpers had waited, *held* not prejudicial where the jury found that it was negligence to move the tie without a signal.

9.  MASTER AND SERVANT—ASSUMED RISK.—A section foreman suing under the Federal Employers' Liability Act *held* not to have assumed the risk from the master's negligence or from the negligence of fellow servants.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman*, Judge; affirmed.

STATEMENT OF FACTS.

This suit was instituted by appellee to recover damages alleged to have been sustained by him on account of the negligence of the workmen engaged with him in replacing ties under the railroad track in the place of old ties taken out.

He was foreman, working with two helpers engaged in replacing switch-ties, when the injury occurred. The method employed was to first place one end of the tie on the railroad dump, which was about four feet high at this place, and one man lift the other end to a level, when plaintiff and the other helper stuck their picks into the tie and pulled while the end man shoved the tie towards the rails. They acted in concert, the foreman, if he was present, giving the signal to move it, otherwise the last man to stick his pick into the tie gave the signal. The particular tie by the moving of which the injury was caused was of green white oak timber, 7″ x 9″ x 10′ long, weighing about 400 pounds.

The complaint alleged that plaintiff stuck his pick in the tie, and the helpers, their backs to him, without waiting for the signal from plaintiff, pulled and shoved the tie, throwing the plaintiff backward, catching his foot between the end of the tie and the west rail of the track, bending his foot double, and breaking some of the bones thereof.

The complaint also alleges: "The said act of the two employees of the defendant, in pulling against said tie before plaintiff had time to take his position to pull on the pick and before waiting for signal from the plaintiff, was negligent and careless, and done without due regard to this plaintiff's safety, and plaintiff's sole injury was caused solely by the said negligent act of the two employees of the defendant."

The answer denies the material allegations of the complaint, alleged that plaintiff was foreman of the gang when injured, and the men working with him were under his control, and that any injuries he may have received were due to his own negligence and failure to take proper precautions for his own safety.

The evidence shows that plaintiff was section foreman with a four-man crew, and, when injured, was working with two of the men, putting new crossties under the rails and replacing old ties being taken out. The spikes were drawn from the old ties, the rails jacked up, the old ties taken out, and the new ones were being put in as above stated. Plaintiff, Hurst and Bonner, according to his statement, were handling the particular tie which had been brought up the dump from the east side until one end was almost at the east rail. Bonner was at the far end of the tie, raising it to the level of the end lying on the dump. Plaintiff and Hurst, standing at the east rail, stuck their picks in the tie and pulled, with Bonner shoving, until the end of the tie was within 18 inches of the west rail.

Plaintiff further states: "When we made that pull, I turned around and walked outside the west rail and turned around and stuck my pick in—just reached

over as far as I could, with my left foot on the rail and my heel against the bottom of the rail, on the outside of the west rail. The minute my pick hit the tie they gave a pull, and I, not being in balance, got my left foot caught between the end of the tie and the ball of the rail on the east side of the west rail, between the end of the tie and the rail.''

The unexpected pull, without signal and before plaintiff was ready, unbalanced him, causing his foot to slip off the rail and be caught between it and the end of the tie, and be crushed.

A written statement made by plaintiff to the railroad company, descriptive of the occurrence, indicated that signals were not being given on this occasion before the pushing and pulling to move the tie after the picks were stuck into it. That the three men could work together by watching, without giving signals, and that Bonner and Hurst moved the tie before he was ready to pull. That nothing was the matter with the roadbed or the picks. That, previous to this time, this gang had been instructed that they should not pull the tie until they got their picks set, and he supposed that the others heard him set his pick, and moved the tie before he got set to pull.

The testimony tended to show that the injury was painful, and plaintiff had not recovered from it entirely at the time of the trial, and could not work long at any employment requiring him to stand or move about on his feet.

The court instructed the jury, giving for plaintiff, over defendant's objection, the requested instructions Nos. 1 and 2, relating to contributory negligence, and refused to give defendant's instruction No. 4, as requested. The jury returned a verdict for $1,200, and from the judgment thereon this appeal is prosecuted.

*E. T. Miller, E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellant.

*Walter L. Pope* and *T. W. Campbell,* for appellee.

KIRBY, J., (after stating the facts).    It is earnestly
insisted that the court erred in not directing a verdict
for defendant, and that there is not sufficient testimony
to sustain the judgment.

Plaintiff was foreman of the section gang, and help-
ing and directing the men in the work of replacing the
ties.    The evidence is undisputed as to the manner in
which the injury occurred.    Appellee was a vice-prin-
cipal, and the suit was brought under the Federal
Employers' Liability Act, which is copied in our act 88
of 1911.    Appellant relies upon our opinion in *St. L. I.
M. & S. Ry. Co. v. Cobb,* 126 Ark. 225, 190 S. W. 107, and
*Kansas City & Memphis Ry. Co. v. Huff,* 116 Ark. 461,
173 S. W. 419, in its insistence upon plaintiff's failure to
show a right to recover.

In the first case it was said:    "Under the statute
it matters not whether the injured employee stands in
the relation of vice-principal to the employee injuring
him, provided the injury is caused through the negligence
of such employee.    But, if the relation of vice-principal
and subordinate exists between the two servants at the
time of the injury, and the injury is caused while the
subordinate is acting, without negligence, under the
orders and directions of his superior, then there would be
no negligence for which the company would be liable.
because, in such cases, the negligence would be that of
the vice-principal himself."

There was some testimony tending to show that the
helpers, fellow-servants of plaintiff, were not acting
without negligence under the orders and directions of
plaintiff, the vice-principal, when the injury occurred.
That they were negligent in failing to give the signal
for beginning to move the tie, or waiting for him to give
it before doing so, while plaintiff was unprepared for
this action, but for which, being unexpectedly made, the
injury would not have resulted.    The testimony is suffi-
cient to sustain the verdict, and no error was committed
in the court's refusing to direct a verdict for appellant.

We do not agree with appellant's contention that instruction No. 1 was tantamount to a directed verdict for plaintiff. The instruction told the jury to return a verdict for plaintiff only if it found from a preponderance of testimony "that it was the duty of the other employees to wait until plaintiff had put his pick into the tie that was to be put under the rails of said track and prepared himself to pull said tie," and only if the jury further found "that plaintiff's said helpers failed to wait until plaintiff had prepared himself for pulling said tie, but immediately pulled said tie after plaintiff had stuck his pick into it, and thereby caused plaintiff's foot to be injured;" and only on a further finding by the jury "that plaintiff's said helpers thereby failed to exercise ordinary care for plaintiff's safety, and that plaintiff had not assumed the risk."

If appellant regarded the instruction as so indefinite as not to furnish a guide to the jury as to what would be negligence on account of it not stating that the failure of plaintiff's helpers to wait for the signal to move the tie, and moving it without the giving of said signal, it should have pointed this out with a specific objection.

It is next contended that the court erred in giving instruction No. 2, contributory negligence not being pleaded as a defense. The answer "alleges the fact to be that the plaintiff was, at the time he was injured, foreman of the men working with him, and each of them was under his control, and whatever injuries he received were due to his own negligence and failure to take any precautions for his own safety."

It is true this is not a plea of contributory negligence, but the jury could have found that the railroad company was guilty of negligence and, under the allegations that plaintiff's injuries were due to his own negligence, the question arose necessarily whether his negligence contributed to the injury, and no prejudicial error was committed in giving the instruction a correct declaration of the law on the subject. *St. L. S. W. Ry. Co.* v. *Rogers,* 166 Ark. 389, 286 S. W. 281. Neither was error

committed in giving instructions on assumed risk and
comparative negligence. *K. C. So. Ry. Co.* v. *Sparks,* 144
Ark. 227, 222 S. W. 724. Nor does the instruction com-
plained of relative to recovery of damages appear to
have been erroneous or prejudicial under the circum-
stances of this case. *K. C. So. Ry. Co.* v. *Sparks, supra.*

Appellant's next contention is that the court erred
in amending its instruction No. 4 by striking out the
last sentence and giving only the first one. The part
given told the jury that the railroad company was not
liable for unavoidable accidents, was only liable for
negligence, and that the burden of proving that the
company was negligent and that such negligence caused
the injury to plaintiff, rests on the plaintiff, which is, of
course, a correct declaration of the law. This precluded
a recovery by the plaintiff unless the proof showed that
the injury was caused by the company's negligence, and
he would have been entitled to recover, even though his
own negligence contributed to his injury, under the
Federal Employers' Liability Act, such negligence only
causing a diminution of damages.

Another instruction allowed the jury to hold the
defendant liable only upon a finding that plaintiff's
helpers were negligent and that the injury or damage
was caused by or resulted from such negligence.

There was no testimony showing the accident or
occurrence was caused on account of the failure of the
plaintiff to have the work performed in a reasonably
safe manner.

The last assignment, that the court erroneously per-
mitted the plaintiff to testify that he would have given
the signal to move the tie if they had waited a little bit,
was not prejudicial, under the circumstances. The
negligence alleged was in the helpers or the other
employees suddenly moving the tie without giving warn-
ing or waiting for a signal from plaintiff to move it, and
the jury found that it was negligence to move it without
such signal being given, and a statement that the signal
would have been given by plaintiff, had it not been so

suddenly done, could not have been prejudicial, under the circumstances.

Certainly appellee did not assume the risks of an injury arising from the master's negligence nor the risk of danger or peril arising from the negligence of a fellow-servant of this railroad corporation. *St. L. S. W. Ry Co.* v. *Smith*, 102 Ark. 565, 145 S. W. 218.

We find no prejudicial error in the record, and the judgment is affirmed.