298

5-3128                                         372 S. W. 2d 606

Opinion delivered December 2, 1963.

[Rehearing denied Jan. 13, 1964.]

*B. W. Thomas* and *Earl Mazander,* for appellant.

*Roy Mitchell,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a suit involving property rights between a couple previously divorced. Mr. Harvey L. Kuester and Mrs. Eileen Kuester were married in 1944; and in September 1958 the Garland Chancery Court awarded Mrs. Kuester a divorce, but expressly retained jurisdiction for the determination of the property rights. In February 1959 the Court determined the property rights of the parties; and as to one tract owned by them as tenants by entirety (and hereinafter referred to as the "entirety property"), the decree recited:

"That the real property owned by Plaintiff and Defendant as an estate by the entirety, situated in Garland County, Arkansas, and fully described above, shall be offered for private sale, for a price of not less than $7,500.00; *that out of the proceeds of such private sale, the sum of $4,000.00 shall be paid to Mrs. Martha Kuester of Chicago, Cook County, Illinois, prior to division of the net proceeds;* . . . (Emphasis supplied.)

No one could be found who would pay $7,500.00 for the entirety property; and in September 1962 Mrs. Eileen Kuester filed a petition[1] in the same cause alleging: that $6,000.00 was the best offer obtainable for the entirety property; that it should be sold for that amount; that

---

[1] The petition also concerned a deed for grave spaces; but that matter has been agreeably settled between the parties.

Mrs. Martha Kuester was deceased; that the $4,000.00 stated in the 1959 decree as going to Mrs. Martha Kuester was a gift and had lapsed; and that the price of $6,000.00 received from the entirety property should be divided equally between Harvey L. Kuester and Eileen Kuester. Harvey Kuester, by proper pleadings, agreed to the sale of the entirety property for $6,000.00, but claimed the $4,000.00 (recited in the decree of February 1959 for Mrs. Martha Kuester) was not a gift but was repayment of a loan; and that such amount should go to the estate of Mrs. Martha Kuester, deceased.

The Chancery Court agreed with Harvey Kuester on the $4,000.00 item and ordered the entirety property sold for $6,000.00, with $4,000.00 to go to the estate or legal heirs of Mrs. Martha Kuester. Mrs. Eileen Kuester has appealed regarding the $4,000.00 item and urges three points, being:

"(1) The lower court erred in ordering the payment of any monies to Mrs. Martha Kuester, not a party to this suit, from the proceeds of the sale of an estate of the entirety.

"(2) The lower court erred in not holding that the payment of Four Thousand Dollars to Martha Kuester was a gift or a promise to make a gift; and lapsed on her death of Donee.

"(3) The lower court erred in holding that the payment of any monies to Martha Kuester or the estate of Martha Kuester was a binding obligation of Appellant, and does not do equity between the parties."

We consolidate the three points for consideration. Only the parties, Mrs. Eileen Kuester and Mr. Harvey Kuester, testified in the hearing from which comes this appeal. Mrs. Eileen Kuester admitted that in 1945 she and her then husband, Harvey Kuester, received $4,000.00 from Mrs. Martha Kuester, mother of Harvey Kuester; that the money was used on the purchase price of a home in Chicago; that when Harvey and Eileen Kuester moved to Hot Springs they sold the Chicago property and used the proceeds to apply on the purchase

of the entirety property here involved. Mrs. Eileen Kuester testified that she never signed any note to Mrs. Martha Kuester for $4,000.00 and never paid Mrs. Martha Kuester any interest; but admitted that she did not know whether Harvey Kuester had paid interest on the amount of $4,000.00.

Harvey Kuester testified that the $4,000.00 was a loan to Harvey and Eileen Kuester from Mrs. Martha Kuester; that no note was executed to evidence the amount; but for a number of years he paid his mother interest each year on the borrowed money. He testified:

"Q. Now the $4,000.00 that was agreed—at the time the decree was entered, you agreed to the entry of the decree in regard to settlement at that time, did you not?

"A. Yes, sir.

"Q. Was the $4,000.00 mentioned in that decree—the $4,000.00 which you testified you borrowed from your mother?

"A. Yes, sir.

"Q. It was not a gift?

"A. No, sir, we were in no position to make any gifts of $4,000.00—never.

"Q. Was your mother in a position to make a gift of $4,000.00?

"A. No, sir.

"Q. Was she a widow?

"A. She was a widow for 18 years.

"Q. Did she have any income?

"A. About $43.00 a month Social Security, and I believe $30.00 a month from my sister's flat, and at that time she supported her sister."

Primarily it was a question of which party to believe: the Chancellor saw them and we cannot say that he was in error. That the parties received $4,000.00 from

Mrs. Martha Kuester is admitted. There is nothing in the 1959 decree which said the $4,000.00 was a gift to Mrs. Martha Kuester. In 1959 Mrs. Eileen Kuester agreed that Mrs. Martha Kuester was to receive $4,-000.00; and that decree gave Mrs. Martha Kuester a vested interest in the $4,000.00. Mrs. Eileen Kuester has not established by sufficient testimony that the $4,000.00 due Mrs. Martha Kuester should be cancelled.

The fact, that Mrs. Martha Kuester's estate was not a party to this case, was not urged in the Trial Court and, therefore, cannot be raised here for the first time. If Mrs. Eileen Kuester had thought Mrs. Martha Kuester's estate or heirs to be necessary parties, she should have asked the Trial Court to make them parties. She may yet protect herself on this point by making a timely application to the Trial Court provided the $4,000.00 has not already been disbursed.

Affirmed.