MILNER *v.* MARSHALL.

5-3437                                   385 S. W. 2d 800

Opinion delivered January 18, 1965.

*Ben M. McCray,* for appellant.

*Hall, Purcell & Boswell and House, Holmes & Jewell,* for appellee.

CARLETON HARRIS, Chief Justice. On December 25, 1961, at approximately 6:30 P.M., Bill Milner, one of the appellants herein, was returning to his father's home on Highway No. 183, traveling west, between Benton and Bauxite. Milner was operating a 1959 Chevrolet Belair, the property of the father. When reaching the point where the elder Milner's driveway intersected the highway on the south side, and while making a left turn, preparatory to entering the driveway, the Milner vehicle collided with a 1952 Chevrolet pickup truck which was traveling east on the highway, and driven by appellee, Exie Marshall. Both vehicles were damaged, and Marshall received leg injuries. Appellee instituted suit in the Saline Circuit Court against the Milners, and appellants answered, denying liability; J. K. Milner counterclaimed for the amount of damage done to his automobile. The cause was tried before the court, sitting as a jury, and at the conclusion of the evidence the court

found that the collision was due to "the sole negligence of Bill Milner," and judgment was entered in favor of Marshall against this appellant in the amount of $2,000.00. From such judgment comes this appeal. For reversal, appellants rely upon a single point, *viz*, that the evidence was not sufficient to support the judgment.

Only three witnesses testified at the trial, appellant Bill Milner, the appellee, and Bobby Gunn, a trooper with the Arkansas State Police. Milner testified that he was nineteen years of age at the time of the collision, and had visited a friend in Little Rock during the day (Christmas). He returned after dark, and turned his lights on when leaving Little Rock. Upon reaching the location of his father's home on the highway, he slowed, or stopped, to allow an approaching car to pass, and then, seeing no further vehicle, started his left-hand turn toward the driveway. Suddenly he observed an oncoming truck, without headlights burning, not more than five or ten feet away, "Very close. Just a moment before the collision." The car struck the truck, and Milner contends that the wreck was a result of, and caused by, appellee's negligence in driving without headlights.

Marshall testified that his headlights were on when he left home about 6:20 P.M., and that the lights were still on at the time the accident occurred.

Trooper Gunn testified that he investigated the collision, and examined the vehicles involved. He found that the Chevrolet automobile was heavily damaged on the left front. As to the truck, the left front was heavily damaged; the dash lights were burning; the taillight was burning; the left headlight was broken out, and the right headlight was not burning. The officer was asked if he questioned Marshall as to whether his lights were on at the time of the collision, and Gunn replied, "I asked if he had lights and what happened. He said he did not know what happened." On cross-examination, the officer reiterated this testimony with the statement, "My question was, 'What happened, did he have his lights on?' He said he did not know." Trooper Gunn stated that

he did not break the question down into two parts, but only asked the one question. He further testified that Marshall had suffered injury. The trooper was unable to determine why the bulb in the right headlight was not burning, and he could not say that it was not caused by the jolt of the collision.

The court, in its "finding of fact," observed that,

"The evidence introduced presents a problem of considering the credibility of the witnesses.

"The testimony of Patrolman Gunn concerning admissions made by the plaintiff is not controlling for the reason that Gunn testified that he inquired of the plaintiff, how the accident happened and whether he had his lights on. He testified that the plaintiff answered, 'I don't know, or I don't know how it happened.' This testimony would be subject to two constructions.

"This court finds it difficult to believe that any person could drive in the night time for a distance of three or more miles without having his lights on, or without having an accident earlier."

Appellants contend that appellee, in response to the question from the State Policeman, should have emphatically replied, "Yes, my headlights were burning and this man just pulled in front of me." It is argued that Marshall's failure to answer each part of the question explicitly constituted an admission that his lights had not been burning at the time of the collision. We do not agree. It is true that the question was "double barreled," and the answer is therefore somewhat ambiguous. However, a copy of Trooper Gunn's report (which the officer used to refresh his memory on some questions) was placed in the record, and this report only denotes that Marshall stated that he "did not know what happened." Let it also be remembered that Marshall had been injured, and one's answers to interrogation at such a time are not always clear. Certainly, there was as much reason, if not more, for the court to feel that appellee's answer referred to that portion of the question

relative to how the accident occurred, rather than to that portion of the question concerning the lights.

Appellants assert that the court was engaging in speculation in finding "it difficult to believe" that a vehicle with no lights burning, could be driven for three or more miles after dark without having a prior accident. We do not agree that this is such speculation as to constitute error, since it was a pertinent circumstance in considering the credibility of the witnesses. The court's initial statement was to the effect that the litigation presented "a problem of considering the credibility of the witnesses," which is, of course, to say that only a fact question was involved, and the court was considering all circumstances as a matter of determining which of the conflicting accounts (given respectively by appellant and appellee) was correct.

Of course, it is well settled that the finding of the trial court, as a trier of the facts, has the same binding effect as a jury verdict, and will be sustained if there is any substantial evidence to support the judgment. *American Metal Window Co.* v. *Watson,* 238 Ark. 418, 382 S. W. 2d 576. Marshall stated positively that his lights were on; and, though he was a party to the suit, and his testimony is considered disputed as a matter of law, such testimony constituted substantial evidence to support the judgment of the court, sitting as a jury. *Turchi* v. *Shepherd,* 230 Ark. 899, 327 S. W. 2d 553.

Affirmed.