ANDERSON *v.* THE WEST BEND CO.

5-3831                              400 S. W. 2d 495

Opinion delivered March 21, 1966

*Shaver, Tackett & Jones, Larey & Larey,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

OSRO COBB, Justice. Appellee is a manufacturer of Teflon coated aluminum skillets, a product generally advertised as a greaseless cooker.

Appellants are residents of Arkadelphia who purchased one of the skillets and attempted to use same.

The second time appellants used the skillet a fire occurred, enveloping the skillet and its contents, spreading to the house proper, and resulting in stipulated damages in excess of $8,000.

Appellants brought this action to recover their damages, their claim being based upon the contention that some unknown latent defect existed in the skillet

and that the defective skillet was the proximate cause of the fire and their damages. Appellants further alleged that they purchased and used the skillet in reliance upon the implied warranty of the manufacturer, appellee, that the utensil was free of defects in manufacture and safe for the uses for which it was intended. Appellees interposed a general denial, significantly omitting any plea as to lack of privity between the parties.

Jury trial was waived.

Appellants' testimony included the following:

(a) That the Teflon coated skillet was purchased new.

(b) That the first attempted use of the skillet was to cook an egg without the use of grease and that the egg stuck to the skillet.

(c) That the second use of the skillet was in frying sliced potatoes immersed in cooking oil, the skillet being placed on an electric stove which had been trouble-free and the heat turned on to low or medium low.

(d) That some three to five minutes later, Mrs. Anderson, one of the appellants, noted flame and smoke around the skillet which she could not control.

(e) That after the fire, subject skillet was found to have most of its bottom melted away.

(f) That there had been no change in the condition of the skillet from the time it was purchased until said fire.

(g) That Mrs. Anderson was experienced in cooking and was following usual and customary practices in the use of the skillet at the time of said fire.

At the conclusion of appellants' evidence, appellee

moved the court for judgment, which motion was denied. Appellee thereafter declined to offer any evidence and rested its case. Appellee then renewed its motion for judgment, which motion was again denied by the court. The court took the case under advisement and some two months later entered a judgment for appellee. From this adverse judgment appellants are here on appeal. The sold point urged by appellants for reversal of the judgment of the trial court is as follows:

"THE COURT ERRED IN ITS DETERMINATION THAT PLAINTIFFS HAD FAILED TO ESTABLISH A PRIMA FACIE CASE."

We have concluded that appellants did make a prima facie case and that same was fully recognized by the trial court. The action of the trial court in denying appellee's separate motions for judgment can not be interpreted here as other than a finding by the court that a prima facie case had been made. Thereafter, the court took the case as the trier of the facts and in that capacity found that the evidence introduced on behalf of appellants was speculative and conjectural and inadequate to support a recovery.

The proof on behalf of appellants was circumstantial in nature and clearly susceptible of more than one factual conclusion as to the proximate cause of the fire and the resulting damage. The court, as the trier of the facts, in weighing the evidence obviously refused to accept appellants' theory that the skillet was defective and that such defect had proximately caused the fire. The dispositive fact question was determined adversely to appellants and we are bound thereby. *Milner* v. *Marshall*, 238 Ark. 914, 385 S. W. 2d 800 (1965). *Milwaukee Insurance Co.* v. *Wade,* 238 Ark. 565, 383 S. W. 2d 105 (1964).

Appellants had the right, under provisions of Ark. Stat. Ann. § 27-1744 (Repl. 1962), to request special findings of the trial court as to conclusions of fact found

by the court, but made no such request, thus waiving same. *Doup* v. *Almand,* 212 Ark. 687, 207 S. W. 2d 601 (1948). *Kane* v. *CarlLee,* 169 Ark. 887, 277 S. W. 55 (1925). *Dunaway* v. *Ragsdale,* 177 Ark. 718, 9 S. W. 2d 6 (1928).

The judgment of the trial court is affirmed.

Affirmed.