OLD AMERICAN LIFE INS. CO. *v.* MCKENZIE

5-3919                                    403 S. W. 2d 94

Opinion delivered May 30, 1966

*Jack Young,* for appellant.

*Martin, Dodds & Kidd,* for appellee.

OSRO COBB, Justice. On March 9, 1964, appellee applied to appellant for two policies of insurance. J. E. Bryant, sales manager for appellant, personally secured said applications and filled in appellee's answers to questions appearing upon same. Appellee signed the applications. As completed the applications for insurance set forth that appellee then had no physical defect. However, they also set forth and disclosed the following medical history: ''Name—Gordon, McKenzie; Sickness or Defect—Disc operation; Date—'62; Duration—46; Oper'r—Yes; Doctor's Name and Address—Dr. Logue, States Complete Recovery.'' Appellant issued two policies upon said applications: No. AD 2456, an accident policy with hospital and disability benefits, and No. 624-2294, a hospital policy with added medical benefits.

On April 17, 1964, appellee was involved in an automobile accident requiring hospitalization in the Arkansas Baptist Hospital in Little Rock for thirty-two days. There is no factual dispute between the parties as to appellee having been involved in an automobile accident, having been hospitalized for thirty-two days at the Arkansas Baptist Hospital in Little Rock, and having in-

curred all of the hospital and medical expenses of which detailed statements were offered in evidence.

Seasonable demand was made by appellee upon appellant for payment of his claims under the provisions of said policies and payment of same was refused. Thereafter appellee instituted his action in the circuit court. Appellant answering asserted that the condition for which appellee was required to be hospitalized was a recurrence of a physical condition which pre-existed the date of its policies, and that the policies were procured from it by wilful, fraudulent and material concealment of appellee's true physical condition at the time of his applications for said policies. After the issues were joined, the case was tried to the court sitting as a jury. The court found adversely to all contentions of appellant and judgments were entered for the amounts claimed by appellee, together with statutory penalty and attorney's fee fixed by the court.

*Point I*—Appellant contends that the evidence shows that appellee procured the subject policies of insurance by wilful, fraudulent and material omission in disclosing full medical history.

This contention is based on the fact that, after the 1962 disc surgery, appellee required two subsequent operations on his back (spinal fusions). The record reflects that appellee had made maximum recovery from said fusion operations prior to the purchase of said insurance policies from the appellant.

All statements in any application for disability insurance policy are deemed to be representations and not warranties. Ark. Stat. Ann. § 66-3208 (Repl. 1966). An omission in the application will not prevent recovery under the policy unless it was fraudulent, material to the acceptance of the risk, or the insurer would not have issued the policy as such had he known the true facts. § 66-3208, *supra*. Thus, the question is raised whether under the circumstances of the instant case there was an omission by McKenzie which precluded him from recovering

under the terms of the policies. We have concluded under the facts of this case that appellee should not be denied recovery against appellant and we discuss our reasons for this conclusion.

It is true that appellee did not give a full and complete medical history to appellant in his applications. It is also true, however, that appellee did provide appellant with information concerning a disc operation upon his back in 1962, involving extended disability. Furthermore, appellee set forth the true name of the surgeon who had attended him at the time of said operation upon his back (Dr. Richard M. Logue). Moreover, Dr. Logue is a Little Rock surgeon with offices in close proximity to the offices of appellant and could have been reached by telephone or by call of a personal representative of the appellant at little or no inconvenience. Obviously the attending surgeon and not the patient (appellee) would be the best qualified to provide to appellant the accurate medical history of the case. Few operations on the spine are more severe in character than the removal of an intervertebral disc. When appellee reported this operation he put appellant upon notice as to a serious back operation; and when appellee provided appellant with the name of his surgeon to whom appellant could turn for exact and precise information if so desired, he substantially met all burdens imposed upon him in his relations with appellant under his contracts of insurance and should not be denied the benefits as provided in appellant's policies.

In *Missouri State Life Ins. Co.* v. *Witt*, 161 Ark. 148, 256 S. W. 46 (1923), the insurance carrier refused to pay the proceeds from the policy for several reasons. One such reason was that the insured, the company maintained, failed to give full, correct and true answers since he concealed the fact that he was confronted with complications following an operation of which he had informed the carrier in the application. The application, as filled out, read as follows: ''Operation: Appendicitis. Date—Year: 1917. Month: July. Duration: 2 weeks. Re-

sults: Good. Name of medical attendant: Dr. J. P. Runyan, Little Rock, Ark.'' The court rejected the company's contention and said:

"Concerning the illness in 1918, it appears from the testimony that it was the result of a malarial condition followed by an operation for appendicitis and adhesions. This operation was divulged to the company in the answer made, and the name of the attending physician was given, so the company had an opportunity to investigate and satisfy itself whether the operation and the illness incident thereto had materially affected his health and longevity."

A headnote to the *Missouri State* case reads:

"Where an application for insurance advised the insurer that the applicant had submitted to an operation, and named the surgeon who attended him, the policy was not avoided by failure to mention that applicant was sick after the operation, as the insurer had an opportunity to satisfy itself as to whether the operation and illness incident thereto materially affected his health and longevity."

This is supported by 1 *Appleman, Insurance Law & Practice*, § 220 (1965):

" . . . an insurer cannot complacently rely upon statements made by the insured where the type of information is of a character suggesting a cautionary investigation as to the accuracy of the statements given. And where the insured discloses that he has undergone an operation and furnished the company with the name of the attending physician, it has ample information from which to investigate further, and cannot complain that the insured failed to relate an illness ensuing upon such operation."

We therefore find no merit in appellant's Point I.

*Point II*—Appellant next contends that appellee's stay in the hospital was not for treatment from injuries

received in the automobile accident but for sensitivities of appellee resulting from the prior back complication.

Any anxiety which appellee suffered after the accident would not have occurred had it not been for the accident. Appellee had been engaged in full time work and had been free of anxiety until he was injured by the very event insured against. Also, Dr. Logue, appellee's physician, testified that the injury suffered as a result of the April 17 accident was a strained muscle and not an aggravation of the prior condition and that the two were in unrelated areas of the back. The trial court determined this factual issue against appellant. There is substantial evidence in the record to support said determination by the court as the trier of the facts and we are bound thereby. *Anderson* v. *West Bend Co.*, 240 Ark. 519, 400 S. W. 2d 495 (1966); *Milner* v. *Marshall*, 238 Ark. 914, 385 S. W. 2d 800 (1965).

We therefore find no merit in appellant's contentions as to its Point II.

*Point III*—Appellant here contends that the statutory penalty and attorney's fees should not have been awarded in favor of the appellee.

Ark. Stat. Ann. § 66-3238 (Repl. 1966) provides that in cases such as the one at bar where a loss occurs and the insurance company fails to pay the proceeds of the policy within the specified time after demand, the company shall be liable to pay the holder of the policy, in addition to the amount of such loss, twelve per cent (12%) of the loss together with all reasonable attorney's fees for the prosecution and collection of said loss.

We note that as to the hospital policy issued by appellant, No. 624-2294, the judgment rendered by the trial court was for the exact sum ($397.50) as prayed in the original complaint. Recovery of the exact amount prayed precludes any contentions of appellant as to the propriety of statutory penalty and attorney's fee as to ap-

pellee's suit on said policy. As to the accident policy, No. AD 2456, the original complaint prayed for judgment for $320, representing coverage of $10 per day for thirty-two days of hospitalization, and judgment for $100 per month for a total disability of appellee beginning on April 17, 1964. The judgment entered by the trial court gave appellee the $320 exactly as prayed in the complaint for hospital allowance, and gave appellee $300 representing three months of total disability following the accident of April 17, 1964. During the course of the evidence offered on behalf of appellee, it was shown that appellee had been disabled for a period of three months beginning on April 17, 1964, and at the conclusion of appellee's case counsel moved the court for permission to amend the complaint to conform to this proof. The court granted the motion. Thereafter appellant moved for a directed verdict in its favor, which was denied. Significantly, appellant did not confess judgment in conformity with the proof or in any sum, but proceeded to put on its own case seeking to establish its contention that it was not liable in any sum to appellee under its policies of insurance.

Had appellant confessed judgment for the three months disability of appellee at $100 per month when the complaint was amended to conform to the proof, it could have avoided its liability for the statutory penalty and attorney's fee as to this item. However, appellant did not take this course but proceeded to trial. Under the circumstances of the case, which are similar to others which have reached this court, we have concluded that the trial court committed no error in its allowance of statutory penalty and attorney's fees in the judgments entered against appellant under both of its policies. We briefly discuss the applicable law.

In *Progressive Life Ins. Co.* v. *Hulbert,* 196 Ark. 352, 118 S. W. 2d 268 (1938), we dealt with this same question and we quote therefrom:

"Appellee sued for $400, and asked an instruction

telling the jury that the verdict should be for that sum if the jury found for the plaintiff. The court was of opinion that under the policy a recovery could not be for more than $266.67, whereupon the plaintiff amended her complaint by reducing the amount sued for to $266.67, and requested an instruction, numbered 2, telling the jury the verdict should be for that sum if the defendant was found liable on the policy.

"There was a verdict for the plaintiff in the sum of $266.67, upon which the court awarded judgment for an attorney's fee of $50 and for a penalty of 12 per cent. It is insisted that it was error to award judgment for the penalty and the attorney's fee for the reason that the plaintiff did not recover the sum sued for. Section 7670, Pope's Digest.

"But the sum finally sued for was $266.67, and it was within the discretion of the court to permit this amendment. Had the insurance company offered to confess judgment for this amount when the complaint was amended it would have been proper to enter a judgment for that amount without penalty or attorney's fee. But this was not done. The defendant then insisted, and now insists that the plaintiff was not entitled to recover anything.

"It was not error, therefore, to award judgment for the penalty provided by statute, and for the attorney's fee, which does not appear to be excessive."

Appellant attempts to distinguish the *Hulbert* case from the one at bar on the grounds that the amendment was made at a different place in the trial proceedings. The above quote reveals this is not a valid distinction. It is discretionary with the trial judge to amend the pleadings to conform to the proof after the trial has begun (Ark. Stat. Ann. § 27-1160 [Repl. 1962]).

Having concluded that all of appellant's conten-

tions are without merit, the trial court's judgments are affirmed.

AMSLER, J., not participating.