PYRAMID LIFE INS. Co. *v.* GARRISON

5-3963                                    406 S. W. 2d 334

Opinion delivered September 26, 1966

*Shaw, Jones & Shaw,* for appellant.

*David O. Partain,* for appellee.

HUGH M. BLAND, Justice. On December 12th, 1963, the appellant issued its hospital, surgical and medical policy to the appellee. Among other benefits, the policy provided that in the event of sickness or illness requiring appellee to be treated by a licensed physician the appellant would pay the amount of expense incurred for such treatments not to exceed the sum of $3.00 for each treatment at a clinic or physician's office or $5.00 for each treatment at the home of the policyholder. On or about October 30th, 1964, appellee became ill suffering from granular urethritis and from then through May 4th, 1965, was treated at the office of Dr. M. C. Wilson or Dr. J. N. Thicksten a total of 29 times. Under the terms of said policy the first call was excluded.

Appellee filed claim for 28 treatments at $3.00 each or a total of $84.00. Appellant denied the claim, tendered a refund of all premiums paid and attempted a cancellation of the policy, contending that appellee had granular urethritis before applying for the insurance and had failed to disclose this information to appellant.

Appellee filed suit in the Crawford County Chancery Court to restrain and enjoin appellant from cancelling the policy and to recover $84.00 for the 28 office calls.

Appellant filed an answer by way of general denial and amendment to answer claiming the appellee failed to disclose in her application her true condition and did not reveal that she had granular urethritis prior to issuance of the policy. Appellant tendered into court all premiums paid by appellee and prayed cancellation of her policy.

By agreement of the parties, the cause was tried at Fort Smith, Arkansas before the Honorable Paul X. Williams, Chancellor, on exchange of circuits.

At the trial, on October 28, 1965, the court held appellant liable under the terms of the policy for $84.00, plus a 12% penalty and $100.00 attorney's fee and further held that said policy was noncancellable. From this holding appellant has perfected its appeal to this court.

For reversal appellant relies upon three points:

"I. The Chancellor's holding that the appellee made full disclosure of any and all information pertaining to her health and physical condition to the appellant is against the preponderance of the evidence.

II. The Chancellor erred in holding that the appellant's insurance policy was 'Noncancellable' under the circumstances in this case.

III. Even assuming that the appellee disclosed her condition to the agent, the Chancellor erred as a matter of law in holding that said disclosure to the agent was disclosure to the appellant.''

The facts are not in dispute and narrow down to the issue of disclosure of appellee as to her physical condition at the time of her application for the insurance. The application was obtained by Fred K. Miller, agent of the company, at appellee's store. The record is silent as to whether he was a soliciting agent or a general agent. The application was filled out by the agent in response to answers given him by appellee. The application was made a part of the policy. Appellee was asked in Question No. 8 on the application whether or not she had ever had any disease of the heart, kidneys, stomach, intestines, urinary or gall bladder, rectum or respiratory system. Appellee's answer was ''yes No. 9''. Question No. 9 was: ''Have you received medical or surgical advice or treatment within last five years?''. The answer was ''No''. Then follows:

| "Date | Which Member? | Nature of Disease or Accident | Doctor Dr. Palmer |
|-------|---------------|-------------------------------|-------------------|
| 1949 | App. | Left Kidney removed No complications | Phoenix, Ariz.'' |

There was introduced into evidence two letters from Dr. Carl L. Wilson, Urologist, with the Holt-Krock Clinic in Fort Smith, Arkansas. These letters disclose that appellee was first seen by Dr. Wilson on October 5, 1954. At that time she gave the history of having had her left kidney removed in Phoenix, Arizona but from that time to November 14, 1956 there was no finding of serious pathology. In October 1957 she was hospitalized for complete urologic studies. The remaining kidney was in good condition but a diagnosis of granular urethritis was made and she was treated for this condition from November 1, 1957 to December 29, 1958. During 1959 she received treatment to the urethra from February 2, 1959

to November 23, 1959. In 1960 she had urethral treatment from January 13, 1960 to September 19, 1960. She received two treatments in 1962. She received treatments from October 30, 1964 to July 23, 1965.

It is true that appellee did not give all of this information to appellant. But she did provide appellant with the information that she had urinary problems [answer to Question No. 8] and that she had a kidney removed in Phoenix, Arizona in 1949, giving the name of her doctor. Dr. Wilson lives in Fort Smith and Dr. Thicksten in Alma. This information furnished by appellee put appellant on notice as to urinary problems and removal of her left kidney. The chancellor found that she had made a full disclosure of any and all information pertaining to her health and physical condition and we cannot say that this finding was against the preponderance of the evidence.

A similar situation was presented to this court in a recent decision, *Old American Life Ins. Co.* v. *McKenzie*, 240 Ark. 984, 403 S. W. 2d 94 (1966) wherein this court held:

"It is true that appellee did not give a full and complete medical history to appellant in his applications. It is also true, however, that appellee did provide appellant with informtaion concerning a disc operation upon his back in 1962, involving extended disability. Furthermore, appellee set forth the true name of the surgeon who had attended him at the time of said operation upon his back (Dr. Richard M. Logue). Moreover, Dr. Logue is a Little Rock surgeon with offices in close proximity to the offices of appellant and could have been reached by telephone or by call of a personal representative of the appellant at little or no inconvenience. Obviously the attending surgeon and not the patient (appellee) would be the best qualified to provide to appellant the accurate medical history of the case. Few operations on the spine are more severe in character than the removal of an intervertebral disc. When

appellee reported this operation he put appellant upon notice as to a serious back operation; and when appellee provided appellant with the name of his surgeon to whom appellant could turn for exact and precise information if so desired, he substantially met all burdens imposed upon him in his relations with appellant under his contracts of insurance and should not be denied the benefits as provided in appellant's policies.''

See, also, *Missouri State Life Ins. Co.* v. *Witt,* 161 Ark. 148, 256 S. W. 46 (1923).

We find no merit in appellant's contention number two as the provision in the policy of noncancellability is plain and certain and subject to but one construction.

As to Point No. 3, it is contended by appellant that the chancellor erred as a matter of law in holding that said disclosure to the agent was disclosure to the appellant. We have searched the record and find no such holding by the chancellor. Whether the agent securing this application was a soliciting agent or a general agent was not developed in the testimony. The question is presented here for the first time. A question not raised in the trial court will not be considered on appeal. *Stroud* v. *Crow,* 209 Ark. 820, 192 S. W. 2d 548 (1946); *Kuester* v. *Kuester,* 237 Ark. 298, 372 S. W. 2d 606 (1963), and many other cases found in West's Arkansas Digest under Key Number 169.

Finding no error, the judgment of the chancellor is affirmed.

Appellee's attorney requests an allowance in this court of additional attorney's fees. Under the circumstances of this case, we allow appellee's attorney an additional $100.00 fee.

Affirmed.

McFADDIN, J., not participating.