Aldona M. LEGATE and Don LEGATE *v.*
Clifton PASSMORE and Maurice PASSMORE

CA 79-326                                         599 S.W. 2d 151

Court of Appeals of Arkansas
Opinion delivered April 30, 1980
Released for publication May 21, 1980

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellants.

*Robert P. Crockett,* for appellees.

DAVID NEWBERN, Judge. This case presents the single issue whether a remark made by a judge who tries a case without a jury may be construed as his entire findings of fact and conclusions of law when neither party has asked him to

set out separate findings and conclusions. We do not believe such a remark may be so construed, and we affirm the trial court's judgment.

A car driven by the appellant Aldona Legate collided with one driven by the appellee Clifton Passmore. Passmore was driving on U.S. Highway 65, and Mrs. Legate was attempting to drive onto and across the highway from a side road. Much evidence was presented with respect to visibility conditions, Passmore's speed, and whether either had turned headlights on.

After hearing the evidence, the judge found in favor of the appellees on their claim in the amount of $953.78 and against the appellants on their counterclaim. These findings were entered at the conclusion of the trial, and in connection with them the judge said:

> I feel like the automobile already upon the highway has the superior right to use the highway, and a vehicle entering upon a stream of traffic may not do so until it's absolutely clear and certain. And the person entering the highway has the burden of making sure that highway is open and clear and ready for him.

This remark was not intended by the judge, we feel sure, to encompass all his findings and conclusions of law. We do not feel his statement should be held to have been exclusive of other legal conclusions he might have reached in determining his verdict and judgment.

The complaint in this action was filed before the new rules of civil procedure came into effect. The case was tried after they came into effect. However, both Rule 52 and the superseded Ark. Stat. Ann. § 27-1744 (Repl. 1962), permit the court to decide a case without stating separately its findings of fact and conclusions of law. The Rule provides for the separate findings and conclusions "[i]f requested." The superseded statute was so interpreted, and it was held that if no request were made, the matter was waived. *Anderson* v. *The West Bend Co.,* 240 Ark. 519, 400 S.W. 2d 495 (1966); *Dunaway* v. *Ragsdale,* 177 Ark. 718, 9 S.W. 2d 6 (1928).

The main grievance of the appellants seems to be that the judge did not consider or apply the Comparative Negligence Act, Ark. Stat. Ann. §§ 27-1763 through 27-1765 (Repl. 1979). Had there been a failure to realize the applicability of that Act, the trial judge surely would have corrected the error when it was pointed out to him in the appellants' motion for new trial.

Affirmed.