

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-13-171

| | | |
|---|---|---|
| LYNDSEY UNRUH | | **Opinion Delivered** October 23, 2013 |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. DR–2008-131-II] |
| V. | | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| JONATHAN GRIST | | |
| | APPELLEE | AFFIRMED |

### JOHN MAUZY PITTMAN, Judge

This case involves custody of a child born to the parties in 2007. The child's mother, appellant Lindsey Unruh, appeals from an order granting a change of child custody to the child's father, appellee Jonathan Grist. For reversal, appellant argues that the trial court clearly erred in finding that there was a material change in circumstances warranting a change of custody; in finding that the change of custody was in the child's best interest; and in finding facts that were contrary to the evidence. We affirm.

Appellant was awarded custody of the child pursuant to an agreed order entered on July 17, 2008, and appellee was granted visitation and ordered to pay child support. Appellee filed a motion for change of custody in May 2012 asserting, *inter alia*, that appellant had become unstable to the point where her continued custody of the child would be detrimental to the child's physical health and mental well-being. Appellant filed an answer constituting a general denial of grounds for a change of custody, accompanied by a

counterclaim for permission to move with the child to Mississippi. After a hearing, the trial court granted appellee's motion for a change of custody, and this appeal followed.

The primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *Madden v. Madden*, 2012 Ark. App. 582, ___ S.W.3d ___. A judicial award of custody should not be modified unless it is shown that there are changed conditions that demonstrate that a modification is in the best interest of the child, or when there is a showing of facts affecting the best interest of the child that either were not presented to the trial court or were not known by the trial court at the time that the prior custody order was entered. *Id.* Where the trial court fails to make specific findings regarding a material change of circumstances and no special findings are requested, we are permitted on de novo review to conclude that there was evidence from which the trial court could have found such changed circumstances. *Woods v. Woods*, 2013 Ark. App. 448; *Chaffin v. Chaffin*, 2011 Ark. App. 293; *Erickson v. Erickson*, 2010 Ark. App. 302. Generally, courts impose more stringent standards for modifications of custody than they do for initial determinations of custody. *Madden*, *supra*. The reasons for requiring these more stringent standards for modifications than for initial custody determinations are to promote stability and continuity in the life of the child and to discourage the repeated litigation of the same issues. *Id.*

When a case involving the custody of children is presented to us on appeal, we recognize the superior position, ability, and opportunity of the trial court to observe the parties, and we therefore give special deference to the trial court's assessment of the

2

credibility of the witnesses. *Davis v. Davis*, 2011 Ark. App. 693. We review the evidence de novo on appeal, but de novo review does not mean that the findings of fact of the circuit judge are dismissed out of hand and that the appellate court becomes the surrogate trial judge. Thus, we will not reverse the findings of the court unless it is shown that they are clearly contrary to the preponderance of the evidence. *Id*. A finding is clearly against the preponderance of the evidence when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*.

The record shows that appellant was employable, but unemployed, and that she had moved at least five times since the entry of the 2008 order. Those moves included one instance where she was permitted to move into the home of appellee and his new wife because she had nowhere else to go, and another period where she alternated between living with her parents and living in Mississippi. There was evidence that, if found to be credible, would support a finding that appellant frequently left the child in the care of her parents, who were given to binging on controlled substances and who had on occasion returned the child to appellee with feces in her panties. A matter of significant concern is a repeated pattern of appellant's disrupting appellee's relationship with the child by refusing visitation, taking the child from appellee at times when he was exercising visitation, and not permitting appellee access to the child's school. There was also a great deal of evidence that appellant had a number of chaotic relationships with various men that were characterized by breakups and reunions such that she was unsure which of these men was the father of her second child. In contrast, the record shows that appellee is married, has shown measured restraint in the

3

face of appellant's provocations, and has maintained both a stable marital relationship and steady employment. Instability of the type manifested by appellant was found to constitute a material change of circumstances in *Davis*, *supra*, and on this record we cannot say that the trial court clearly erred in finding a change in circumstances or that a change of custody to appellee was in the child's best interest.

Affirmed.

GLADWIN, C.J., and WOOD, J., agree.

*The Graham Law Firm*, by: *James Lucas Graham*, for appellant.

*Andrew Clark*, for appellee.