
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-717

| | |
|---|---|
| | **Opinion Delivered** March 19, 2014 |
| SHANNON MICHELLE LEVEY<br>APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT<br>[No. DR-10-149] |
| V. | |
| | HONORABLE DAVID G. HENRY, JUDGE |
| CHARLES M. LEVEY, JR.<br>APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Shannon Michelle Levey and appellee Charles M. Levey shared joint legal and physical custody of their minor child, CL. Both appellant and appellee filed motions seeking modification of the decree and sole custody of CL. Appellant also sought a continuance prior to the hearing so that she could hire an attorney. The trial court denied the motion for continuance and awarded custody of the minor child to appellee. Additionally, the trial court ordered appellant to pay child support based on the social-security income and alimony that she receives. Appellant timely appeals from that order, and we affirm.

The procedural history of this case began on April 19, 2011, when a divorce decree was entered awarding appellant and appellee joint legal and physical custody of CL, with an accompanying equally distributed, rotating-custody schedule. A subsequent order, entered on November 27, 2012, denied appellee's petition to be awarded sole custody of CL, finding that he failed to prove by a preponderance of the evidence that a material change in circumstances

had occurred since the parties' divorce. On January 29, 2013, appellant filed an amended motion for contempt and modification of the decree.[1] She contended that she had physical custody of CL more often than appellee and requested that she be awarded "full primary and physical custody" (with accompanying child support from appellee) and that she be granted permission to move out of state with the child. Additionally, she requested that the court order the sale of the parties' house (which was awarded to appellee as his sole property in the divorce decree) because he refused to refinance the house and have her released from the mortgage.

On February 11, 2013, appellant filed a motion for "emergency relief" concerning the issues raised in her January 29 petition. On February 15, 2013, appellee responded and counterclaimed for sole custody. In an order entered on February 26, 2013, the trial court denied appellant's motion for emergency relief, granted appellee a continuance, and set a hearing for April 5, 2013.[2] On March 25, 2013, only twelve days before the scheduled hearing, appellant moved for a continuance so that she could "gather funds" to hire her previous attorney. Appellee objected to the continuance and requested that the April 5 hearing continue as scheduled.

The hearing was held on April 5, 2013, as scheduled. Appellee was represented by counsel, and appellant appeared pro se. In a final order entered on April 22, 2013, the trial court denied appellant's motions and granted appellee's counterclaim for custody. The order specified

---

[1]Appellant's original motion seeking a change of custody was filed in February 2012, but was not addressed in the October 2012 hearing or the November 2012 order.

[2]The hearing was originally set for March 7, 2013, at appellant's request. However, because of a scheduling conflict with appellant's then-counsel's calendar, the hearing was moved to April 5, 2013.

SLIP OPINION

that, if appellant filed a 2011 tax return, she would be allowed to claim CL as a dependent and that she would pay child support to appellee in the amount of $458 per month, with the social-security disability money that she receives for CL's benefit to be applied to her newly ordered support obligation. Appellant filed her timely notice of appeal on May 20, 2013, arguing that the trial court erred in denying her motion for continuance; in awarding appellee sole custody of CL; and in its determination of the amount of child support she was required to pay to appellee.

For her first point on appeal, appellant asserts that the trial court erred in its denial of her motion for continuance, which is reviewed under an abuse-of-discretion standard. *Sims v. Moser*, 373 Ark. 491, 284 S.W.3d 505 (2008). At appellant's request the hearing was originally set for March 7, 2013, and then moved to April 5, 2013 to accommodate her scheduling needs. Appellant's amended motion seeking a change in custody was filed in January 2013. Appellee's counterclaim for sole custody was filed on February 15, 2013, which still allowed appellant over a month to retain counsel after the counterclaim had been filed. Furthermore, there is no Sixth Amendment right to counsel in ordinary civil cases. *Light v. Duvall*, 2011 Ark. App. 535, 385 S.W.3d 399. And, pro se litigants are held to the same standards as attorneys. *Smith v. Norris*, 2009 Ark. 198. Therefore, if appellant needed an attorney after the counterclaim had been filed, she had ample time to acquire counsel, and we see no abuse of discretion in the trial court's decision to deny the requested continuance. Accordingly, we affirm on this point.

For her second point on appeal, appellant claims that the trial court erred in its award of custody to appellee. Although we review this question de novo, we do not reverse absent a showing that the trial court's findings were clearly erroneous. *Sharp v. Keeler*, 103 Ark. App. 233,

3

288 S.W.3d 256 (1999). Because the question of whether a trial court's findings are clearly erroneous turns largely on credibility, we give special deference to the trial court in its evaluation of the witnesses, their testimony, and the child's best interest. *Id.* at 235–37, 288 S.W.3d at 257–59. There are no cases in which the superior position, ability, and opportunity of the trial court to observe the parties carry as great a weight as those involving minor children. *Id.*, 288 S.W.3d at 257–59.

After hearing the testimony and weighing the credibility of the witnesses and factors presented, the trial court found that it was in the child's best interest to grant custody to appellee. On review of custody decisions, we will not reverse the trial court's decision will not be reversed unless it is clearly erroneous, and a finding by the trial court is clearly erroneous when, although there is evidence to support it, we are left with a firm and definite conviction that a mistake has been made. *Id.*, 288 S.W.3d at 257–59.

Appellant argues that the custody determination was erroneous because the trial court was biased and served as an advocate for the appellee. Specifically she claims that the trial court's refusal to grant a continuance or to appoint an ad litem attorney (which is discretionary and was requested at the last hour) demonstrated the trial court's bias. However, the primary consideration is the best interest of the minor child, and all other considerations are secondary. *Chaffin v. Chaffin*, 2011 Ark. App. 293. In determining whether a change of circumstances has been proved, the primary consideration becomes the best interest of the child. *Id.*

It is undisputed that the parties had joint legal and physical custody of the child and that the arrangement was no longer a viable option. When parents who share joint custody are unable

to cooperate and share decision making concerning the child's best interest, a material change of circumstances has occurred. *Zobrist v. Zobrist*, 2010 Ark. App. 537. Additionally, the instability of a parent can be a change of circumstances. *Unruh v. Grist*, 2013 Ark. App. 584. The undisputed evidence was that the parties were unable to continue in a joint-custody arrangement. The trial court observed the two parties (noting that appellant was unemployed and did not have a stable home) and found that appellee's situation was the more stable of the two. Despite a monthly income of $2534.66, appellant was unable to secure housing for herself and CL. As such, the trial court did not err in its finding that appellee offered the more stable situation and that it was in CL's best interest to have a reliable and secure living environment, and we affirm the trial court's custody modification.

Appellant's final point on appeal relates to the trial court's $458 monthly child-support award to appellee. However, because there was not a contemporaneous objection, the matter is not preserved for our review. *Watson v. State*, 290 Ark. 484, 720 S.W.2d 310 (1986). Appellant neither objected to the trial court's calculation of the support as it was made nor did she object once the amount was reduced to an order. Therefore, the issue is not preserved for appeal.

Affirmed.

PITTMAN and GLOVER, JJ., agree.

*Skarda Law Firm*, by: *Cecily Patterson Skarda*, for appellant.

*Hoskyn Law Firm*, by: *Kimberly Eden* and *Charles R. Hoskyn*, for appellee.