

Cite as 2015 Ark. App. 66

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-231

|  |  |
|---|---|
| | **Opinion Delivered** February 4, 2015 |
| BILLY J. KAIN | APPEAL FROM THE CRAIGHEAD |
| APPELLANT | COUNTY CIRCUIT COURT, EASTERN DISTRICT |
| V. | [NO. 16LCV-13-10] |
| MICHAEL KAIN and LENAY KAIN | HONORABLE LEE FERGUS, JUDGE |
| APPELLEES | |
| | APPEAL DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant Billy Kain appeals the December 20, 2013 order of the Craighead County Circuit Court, granting Michael and Lenay Kain's motion to dismiss appellant's civil complaint against them for failure to present facts sufficient to state a claim.[1] Appellant argues three points of error; however, we are unable to reach the merits of appellant's arguments due to his failure to comply with Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil.[2]

Rule 3(e) provides in part as follows:

(e) *Content of notice of appeal or cross-appeal*. A notice of appeal or cross-appeal shall specify the party or parties taking the appeal; shall designate the judgment, decree, order or part thereof appealed from and shall designate the contents of the record on appeal. The notice shall also contain a statement that the appellant has ordered the

---

[1]A hearing on the motion to dismiss took place on November 26, 2013, and appellant appeared via telephone.

[2](2014).

transcript, or specific portions thereof, if oral testimony or proceedings are designated, and has made any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510(c).

Here, appellant failed to include a statement in his notice of appeal that he had ordered the transcript of the hearing or made financial arrangements with the court reporter. Additionally, there is nothing in the record to suggest that appellant had any contact with the reporter. This court has noted that the procedural steps outlined in Rule 3(e) require only substantial compliance, provided that the appellee has not been prejudiced by the failure to comply strictly with the rule.[3] However, we have held that there is no substantial compliance when the transcript is not actually ordered or when the notice of appeal declares that the transcript had been ordered, when in fact, it has not been.[4]

Appellant's failure to include the necessary language in his notice of appeal coupled with his failure to order a transcript of the hearing and/or make financial arrangements renders his notice of appeal fatally defective. We are mindful that appellant is a pro se litigant; however, we hold pro se litigants to the same standards as licensed attorneys.[5] Accordingly, we dismiss this appeal.

Appeal dismissed.
KINARD and GRUBER, JJ., agree.
*Billy J. Kain*, pro se appellant.
*Colbert & Scurlock, LLP*, for appellees.

---

[3] *Hodges v. Direct Nat'l Ins. Co.*, 2009 Ark. 570 (per curiam).

[4] *Id.*

[5] *Levey v. Levey*, 2014 Ark. App. 198.